# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1816 PA (MANx) | Date | June 15, 2011 |
|---|---|---|---|

| Title | Saif Hussain v. Coffman Engineers, Inc., et al. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:** ORDER TO SHOW CAUSE

Before the Court is a Complaint filed by plaintiffs Saif Hussain and Chandrakant Shinde (collectively "Plaintiffs"). Plaintiffs have sued defendant Coffman Engineers, Inc. ("Defendant") under various provisions of the California Fair Employment and Housing Act, alleging that Defendant discriminated against Plaintiffs on the basis of their race, religion, and national origin.

According to the Complaint plaintiff Hussain is a native of Pakistan who practices the Islamic religion, and was employed by Defendant between May 2001 and March 29, 2010. The Complaint lists various hostile conduct and comments by Defendant's partners, shareholders, and supervisors directed at Hussain and his Islamic faith and practices. The Complaint alleges that Hussain objected to such statements and was demoted in January 2010 as a result. In March 2010 Hussain's situation became so intolerable that he separated from Defendant's employment.

Plaintiff Shinde is a native of India who practices the Hindu religion, and was employed by Defendant between May 2008 and March 1, 2010. The only allegations in the Complaint concerning Shinde are that he was told by a supervisor that he would work well with Hussain because of their "similar cultural background," and that he was terminated on March 1, 2010 due to alleged performance problems.

Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder, provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a)(1); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1816 PA (MANx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | Saif Hussain v. Coffman Engineers, Inc., et al. | | |

similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that Plaintiffs' joint claims against Defendant arise out of the same transaction or occurrence. While the Complaint alleges that Hussain was subjected to numerous negative remarks and other treatment based on his Islamic faith, it is unclear what, if any, conduct or remarks were directed towards Shinde. Moreover, it appears that Plaintiffs were terminated or constructively discharged on two separate occasions.

The Court therefore orders Plaintiffs to show cause in writing, no later than June 30, 2011, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Defendant, with new complaints and filing fees.

IT IS SO ORDERED.